**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Abel Garcia, | ) | FILED: NOVEMBER 17, 2008 |
|     Plaintiff, | ) | 08CV6580 |
| | ) | JUDGE MAROVICH |
| v. | ) No. | MAGISTRATE JUDGE DENLOW |
| | ) | CH |
| Capital Management Services, LP, a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Abel Garcia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the form of Defendants' debt collection letter violates the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Abel Garcia ("Garcia"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed now to Defendant LVNV Funding, LLC.

4. Defendant, Capital Management Services, LP ("Capital Management"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Capital Management was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Garcia.

5. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, LVNV, through Defendant CMS, was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Garcia.

## FACTUAL ALLEGATIONS

6. Defendants sent Mr. Garcia an initial form collection letter dated December 6, 2007, demanding payment of a delinquent consumer debt, which letter stated, in pertinent part:

"Previous Creditor: OSI/Gulf State Credit-original creditor"

This letter is attached as Exhibit A.

7. In fact, although both OSI and Gulf State Credit may have been the previous debt collectors on the account, neither OSI, nor Gulf State Credit, are the original creditor: rather, they are both debt collectors, and may have also been debt

scavengers, i.e., entities that specialize in buying, and collecting upon, portfolios of defaulted consumer debts, which debts are purchased for pennies on the dollar.

8. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. The language Defendants used in their form collection letter to Mr. Garcia is to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA - Making A False Statement About The Identity Of The Original Creditor

10. Section 1692e of the FDCPA prohibits debt collectors from making any false and/or any deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

11. Defendants' form collection letter falsely states that the original creditor is OSI/Gulf State Credit; neither, however, are the original creditor. The statement as to the identity of the original creditor in Defendants' collection letter (Exhibit A), is thus false, in violation of § 1692e of the FDCPA.

12. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Abel Garcia, prays that this Court:

1. Declare that Defendants' form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Garcia, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.   Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Abel Garcia, demands trial by jury.

                Abel Garcia,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated:  November 17, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com